UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **LEMERICK V. CHRISTOPHER, SR.** | **CIVIL ACTION NO. 3:38/2633** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **BENJAMIN JONES** | **MAGISTRATE JUDGE HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Lemerick Vernell Christopher, Jr., a prisoner in the David Wade Correctional Center (DWCC), submitted the instant Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 on March 28, 2016, naming Benjamin Jones as the only defendant[1]. Petitioner is in the custody of the Louisiana Department of Corrections. It is unclear from his petition whether he is serving a sentence resulting from a conviction and contesting the legality of his conviction/sentence, or whether he is a pretrial detainee. Petitioner asks this Court to "dismissed, released, charges drop." [Rec. Doc. 1, p. 8]

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust State court remedies prior to filing his federal habeas corpus petition.

### *Statement of the Case*

Plaintiff's petition, which is woefully lacking in specifics regarding his claim, sets forth that he was sentenced in Ouachita Parish Court in Monroe, Louisiana, on November 17, 2013,

---

[1] The proper defendant in a *habeas corpus* petition is the official in charge of the custody of the petitioner. *Freddie R. Lewis v. Warden,* 2006 WL 2193344 (W.D. La., June 5, 2006). The proper defendant in this matter should be Jerry Goodwin, Warden at DWCC.

and on October 12, 2015. Petitioner challenges the State's jurisdiction and standing in the matter entitled *State of Louisiana v. Christopher*, Docket Number 14-F2667. [Rec. Doc. 1, pp. 7-8] However, it is unclear whether he is serving a sentence resulting from a conviction in this matter or whether he awaiting trial. However, regardless of the root of the claim, he admits he has not filed any appeals prior to the filing of the instant petition in this Court. [Rec. Doc. 1, p. 3,7]

## *Law and Analysis*

While it is unclear whether petitioner is serving a sentence resulting from a conviction and contesting the legality of his conviction/sentence, or whether he is a pretrial detainee, his petition is filed pursuant 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987) ("Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'"); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. s 2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the Constitution,' rather than under 28 U.S.C. s 2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982);

*Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement is a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; Picard *v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8 ("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Furthermore, a federal court should abstain from the exercise of jurisdiction if the issue raised by a pre-trial detainee in a *habeas* petition may be resolved either by a trial on the merits in the state court or other state court proceedings. *Dickerson,* 816 F.2d at 225, citing *Braden,* 410 U.S. at 489-92, 93 S.Ct. 1123 at 1126-28. These requirements are imposed to preclude "the derailing of a pending state proceeding by an attempt to litigate constitutional defenses

prematurely in federal court." *Braden,* 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson,* 816 F.2d at 225-226.

Petitioner admits that he has not exhausted State court remedies. [Rec. Doc. 1, pp. 3, 7] Accordingly, his federal *habeas corpus* petition is premature.

**IT IS RECOMMENDED** that this *habeas corpus* petition (28 U.S.C. §2241) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.[1] A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Monroe, Louisiana April 7, 2016.

_____
KAREN L. HAYES
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Should petitioner object to this Report and Recommendation, he should provide evidence that he has exhausted his state court remedies.